[Filed December 1, 1890.]

## THE STATE OF OREGON v. JAMES POOL.

ARRAIGNMENT—TIME TO ANSWER THE INDICTMENT—MOTION TO SET IT ASIDE.—If upon the arraignment the defendant be allowed a day to plead or *to answer the indictment*, he may, before otherwise pleading thereto, move to set it aside in answer to the arraignment, and when such time is allowed to the defendant by the court, section 1315 does not preclude him from making the motion at any time before pleading.

DYING DECLARATIONS.—Facts referred to and held they were sufficient to admit the account given by the deceased of how and by whom he was injured, as *dying declarations*.

Douglas county: R. S. BEAN, Judge.

Defendant appeals. Reversed.

On the 20th day of October, 1880, the defendant was indicted for the crime of murder. The journal entry recites that he was arraigned on the 18th of March, 1890, and pleaded not guilty; but before pleading to the indictment

he moved to set the same aside because the names of the witnesses examined before the grand jury were not endorsed on the indictment. The bill of exceptions, however, shows that he was arraigned on the 17th day of March, 1890, and asked his day to plead to said indictment, which was granted by the court. The bill of exceptions also shows that neither the defendant nor his counsel had opportunity to inspect said indictment or to know its contents or the endorsements thereon until the copy thereof was delivered to the defendant on the arraignment. On the 18th day of March, 1890, the defendant appeared in court with his counsel, and before otherwise pleading to said indictment he moved to set the same aside for the reason that the names of all the witnesses examined before the grand jury which returned the indictment were not inserted at the foot of the indictment or endorsed thereon as required by chapters VII and X of the code of criminal procedure. The court overruled said motion, to which defendant duly excepted. Afterwards, on the 25th day of June, 1890, the defendant was tried before a jury and convicted of the crime of manslaughter, from which this appeal was taken. It is proper to add that the record discloses the fact that one Tiller was examined as a witness before the grand jury in relation to the charge against the defendant, and his name is not indorsed on the indictment or set down at the foot thereof.

*W. R. Willis*, and *Lane & Lane*, for Appellant.

*S. W. Condon*, district attorney, for Respondent.

STRAHAN, C. J.—The first question is, did the failure of the grand jury to set Tiller's name down at the foot of the indictment or indorse it thereon, entitle the defendant to have the same set aside? This question must be answered by reference to the statute. Section 1314, Hill's Code, provides: "The indictment must be set aside by the court upon the motion of the defendant in either or the following cases. * * * 2. When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon." Section 1315 provides:

"The motion to set aside the indictment must be made and heard *at the time of the arraignment,* unless for good cause the court postpone the hearing to a future time; and if not so made, the defendant is precluded from taking the objections mentioned in section 1314." Section 1293 says that the arraignment consists in reading the indictment to the defendant and delivering to him a copy thereof and the indorsements thereon, *including the list of witnesses indorsed on it* or appended to it, and asking him whether he pleads guilty or not guilty to the indictment." Section 1298 is as follows: "If on the arraignment the defendant require it, he must be allowed until the next day, or such further time as the court may deem reasonable, *to answer the indictment.*" And section 1299 is in these words: "If the defendant do not require time as provided in the last section, or if he do, then on the next day, or at such further day as the court may have allowed him, he may, *in answer to the arraignment,* either move the court to set aside the indictment,* or he may demur or plead thereto." The reasons upon which the learned circuit judge overruled the motion to set aside the indictment do not appear in this record, but it is to be inferred that it was because the defendant did not at the precise time of the arraignment interpose the motion to set aside the indictment. It was argued here with much force that the defendant was bound to make this motion when the indictment was read to him and he was furnished with a copy thereof or be forever precluded. Such a construction would be very inconvenient in practice. Counsel would never be able to make an objection according to the facts. If compelled to make the objection at that particular instant, he must do it in ignorance of all of the facts upon which such objection would have to be based. He could not know who had been witnesses before the grand jury, nor any other fact that would justify the filing of a motion. Accordingly, section 1290, *supra,* secures to the defendant the right on the arraignment to have until the next day, or such further time as the court may deem reasonable, *to answer the*

*indictment.* How answer the indictment? Manifestly in any manner which the law has authorized or provided. In this case the record says he took his day to plead. This is not the precise form in which the entry should be made, but it is the one usually adopted, and it must be held to be of the same import as an order allowing time in which to answer the indictment. If time be allowed to answer the indictment, then section 1299, *supra,* declares what the answer may be. The defendant may, at such time as may have been granted to him by the court, *in answer to the arraignment,* either move the court to set aside the indictment, or may demur or plead thereto. These rights are secured to the defendant in plain and unambiguous language, and it is not believed that they are taken away by section 1315, *supra.* The postponement, when allowed, carries over with it every right which the defendant has, and cannot prejudice him in any way. By allowing time, the court postpones the hearing of whatever motion, plea or demurrer, which the law authorizes the defendant to file, and this is entirely consistent with the requirements of the section under consideration. The first part of the section, requiring that the motion to set aside the indictment must be made and heard at the time of the arraignment, unless, etc., can mean no more than that it must be done then unless the court gives time, and this time, when given, is not confined to pleading to the indictment, but includes the rights to move to set it aside as well.

2. The exception to the admission of McNeil's statement to Morgan as a dying declaration cannot be sustained. McNeil's statement at the time he gave an account of the manner and by whom he was injured, shows clearly enough the state of his mind. He was conscious that he stood within death's shadow and could not escape. "I will not last long and cannot get well, but will soon die." And the sequel proved too quickly the accuracy of his judgment. He died within thirty-six hours. The trial court thought the declarations excepted to were made by McNeil under a

full consciousness that death was impending and that he then had no hope or expectation of recovery, and we have no doubt that this conclusion was fully justified by the evidence.

For the error of the court in refusing to set aside the indictment on the defendant's motion, the judgment must be reversed, with directions to the court below to set aside the indictment, and for such further proceedings as are by law authorized or required.

Bean, J., having tried this case below, did not sit and took no part in this decision.