Argued 21 December, 1898; decided 3 January, 1899.

## STATE *v.* SMITH.

[55 Pac. 534]

MOTION TO SET ASIDE INDICTMENT.—A defendant who resorts to a demurrer without filing a motion to set aside the indictment is thereafter precluded from making the objection for which his motion is otherwise appropriate. Under the statutes of this state such a motion must be made within the time after arraignment allowed to plead, although the argument may be postponed till a later time: *State* v. *Pool,* 20 Or. 150, applied.

From Jackson :  HIERO K. HANNA, Judge.

Frank Lawrence Smith was convicted of murder and appeals.

AFFIRMED.

No appearance for appellant.

*Messrs. Cicero M. Idleman*, attorney general, and *J. A. Jeffrey*, for the state.

Mr. Chief Justice Wolverton delivered the opinion.

The defendant was convicted of the crime of murder in the first degree. The case was three times resubmitted to the grand jury. The fourth indictment, and the one upon which the trial and conviction was had, was returned into court on the eighth day of April, 1898, at which time the defendant was arraigned, and at his request the time to plead was extended until the next day at 1 o'clock p. m. On the day fixed he filed a demurrer to said indictment, which, after argument by counsel, was overruled by the court, and thereupon, and upon the same day, he filed a motion to dismiss the indictment, assigning as grounds therefor that C. O. Ramsey and J. B. Wait were witnesses before the grand jury, and that their names were neither inserted at the foot of nor indorsed thereon. After a hearing, this motion was denied. Two days later, and after the jury had been impaneled, and the trial had proceeded somewhat, it appeared by the testimony of Dr. E. Kerschgessner, coroner of Jackson County, that he had testified in the case before the grand jury, whereupon defendant again moved the court to set aside the indictment for the reason that said witness's name had not been inserted at the foot of nor indorsed upon the said indictment, which was likewise overruled, and the trial proceeded, resulting as above stated. The action of the court in overruling these motions is assigned as error, and this presents the only question relied upon for reversal of the judgment below.

The two motions and the action of the trial court respecting them present but one question, which is one of

practice in no way affecting the merits, and, in our opinion, is regulated wholly by statute. The defendant in a criminal action is entitled to have the indictment set aside when the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon. Hill's Ann. Laws, § 1314, subd. 2. But the motion for the purpose must be made and heard at the time of the arraignment, unless for good cause the court postpone the hearing to a future time; and, if not so made, the defendant is precluded from afterwards taking the objection: Section 1315. These provisions, when read in connection with sections 1293, 1298, and 1299, which provide the manner of making the arraignment, the time that may be allowed to answer the indictment, and the order of the several answers which the defendant may make to the arraignment, have been construed to mean that the motion may be made at any time within the time allowed by the court to plead to or answer the indictment after the arraignment has been made: *State* v. *Pool*, 20 Or. 150 (25 Pac. 375). By section 1315 the court may, for good cause shown, postpone the hearing to a future time, but if the motion to set aside is not made within the time allowed by the court to plead to or answer the indictment, as said section is construed in *State* v. *Pool*, *supra*, then the defendant is precluded from afterwards taking the objection to which subdivision 2, § 1314, relates. Section 1320 provides: "The only pleading on the part of the defendant is either a demurrer or plea." These are pleas subsequent to the motion to set aside the indictment; and where the defendant has resorted to the demurrer, without filing his motion to set aside within the time allowed by the court to answer the indictment, he is thereafter precluded from taking the objection for which the motion is otherwise appropriate. This seems to be a plain rule of the statute,

and we are not at liberty to depart from it until the legislature has prescribed another. It follows that the court below committed no error in overruling either of said motions to set aside the indictment, and its judgment is therefore affirmed.

AFFIRMED.