Argued 10 October; decided 16 October; rehearing denied 27 November, 1899.

## STATE v. MCELVAIN.

[ 58 Pac. 525.]

1. TIME FOR MOVING AGAINST INDICTMENT.—Under Hill's Ann. Laws, §§ 1314, 1315, providing that an objection to an indictment on the ground that it is not properly indorsed must be made at the time of arraignment, the right to move must be exercised before demurring or pleading: *State* v. *Smith*, 33 Or. 483, followed.

2. INDICTMENT FOR FORGERY—ALLEGATION OF INTENT.—Under Hill's Ann. Laws, § 1816, prescribing that where the intent to injure or defraud is necessary to constitute a crime it shall be sufficient to allege in the indictment therefor an intent to injure or defraud, without naming therein the particular person intended to be injured or defrauded, construed with the forms of indictment for forgery (Id. p. 1004, Nos. 15, 16), an indictment for forgery need not name the party intended to be injured or defrauded: *State* v. *Lurch*, 12 Or. 104, approved.

From Sherman :   W. L. BRADSHAW, Judge.

M. E. McElvain is charged with the crime of forgery. The indictment alleges, among other things, that he "did unlawfully, willfully, and feloniously, with intent to defraud and injure, falsely make, forge, alter, and counterfeit," etc. A demurrer was interposed, "because said indictment does not substantially conform to the requirements of Chapter VIII of the Code of Criminal Procedure ;" which being overruled, the cause went to trial, resulting in his conviction, and from the judgment which followed he appeals.                      AFFIRMED.

For appellant there was a brief over the names of *Dufur & Menafee* and *W. H. Wilson*, with an oral argument by *Mr. E. B. Dufur.*

For the state there was a brief by *Mr. A. A. Jayne*, District Attorney, and an oral argument by *Mr. D. R. N. Blackburn*, Attorney-General.

MR. CHIEF JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

Two grounds are here urged for the reversal of the judgment: (1) That the indictment does not show that it was indorsed "A true bill," and signed by the foreman of the grand jury; and (2) that it fails to name the party whom it was intended to injure or defraud. Of these in their order.

1. The indictment was returned into court, March 13, 1896, and, upon the defendant being arraigned the following day, he was allowed until March 16 to plead. The demurrer was then interposed, and, after consideration, overruled. Thereupon the defendant entered a plea of "Not guilty," and at the trial of the issues thus joined he was convicted, as above stated. It is now urged for the first time that the indictment is insufficient, and that the court was without jurisdiction to put the defendant upon his trial for want of such indorsement. This position cannot be sustained. Section 1314, Hill's Ann. Laws, provides that "the indictment must be set aside by the court, upon the motion of the defendant, in either of the following cases: (1) When it is not found, indorsed, and presented as prescribed in Chapter VII of this code;" and section 1315, in effect, that the motion must be made and heard at the time of the arraignment, otherwise the defendant is precluded from afterwards taking the objection. Now, the defendant, not having moved to set aside the indictment on that ground within the time allowed by the statute, and having demurred and thereafter pleaded thereto, is now precluded from making the objection: *State* v. *Smith*, 33 Or. 483 (55 Pac. 534); *People* v. *Johnston*, 48 Cal. 549. Such objection is not one going to the sufficiency of the indictment or the jurisdiction of the court, but, by legislative intendment, is a mere formal matter, susceptible of being waived by neglecting to insist

upon it at the proper time. The required indorsement is not essential to either the jurisdiction or the statement of the crime. It is evidence only of the finding of the indictment, and the purpose of the statute in requiring it is to verify the authenticity and genuineness of the instrument, which must be deemed admitted, in the absence of a motion to set it aside at the arraignment: *People* v. *Lawrence*, 21 Cal. 368. This disposes of the first objection.

2. As to the second, the statute (Hill's Ann. Laws, § 1816), has prescribed that "in any case where the intent to injure or defraud is necessary, by the provisions of this chapter, to constitute the crime, it shall be sufficient to allege in the indictment therefor an intent to injure or defraud, without naming therein the particular person or body corporate intended to be injured or defrauded." The chapter referred to is one relating to forgery and counterfeiting. This section, when construed in connection with the forms of indictment for forgery (Hill's Ann. Laws, p. 1004, Nos. 15, 16), gives ample support to the indictment in the case at bar. The rule laid down in *State* v. *Lurch*, 12 Or. 104 (6 Pac. 411), is in harmony with this view. It was there said that "a charge of an intent to injure or defraud generally   *   *   *   is sufficient," citing the section last quoted. But it is claimed that what was said in that case is *obiter*. However that may be, the court was construing the particular section here involved, and we are convinced that the construction given is the reasonable and proper one. This affirms the judgment of the court below.

It was remarked at the argument that the affirmance of the judgment would work a peculiar hardship upon the defendant; but upon the record before us, and in the absence of a bill of exceptions, of which he has not the benefit, there can be no other result.        AFFIRMED