On motion to dismiss appeal. First appeal dismissed January 19, 1926. Appeal reinstated, argued March 8, affirmed April 3, 1928.

## CHARLES W. SMITH *v.* E. H. ROSE ET AL.

(242 Pac. 842; 265 Pac. 800.)

**Appeal and Error—Order Sustaining Demurrer not Appealable.**

1. An order sustaining demurrer to complaint is not a final appealable order.

### ON THE MERITS.

**Judgment—Court cannot Amend Substance of Decree After Expiration of Term During Which Rendered.**

2. After the expiration of the term during which decree was rendered, it is not within the power of the court to amend it in any way affecting the merits of the controversy.

**Mortgages — Mortgage Foreclosure Decree, Rendered After Term, Specifically Describing Property Held Mere Amendment of Prior Decree in Form, and Execution Thereon was Valid.**

3. Where mortgage foreclosure decree, after directing that plaintiff recover amount due on note and attorney's fee, provided that there should be a foreclosure in the customary manner of the premises described in complaint, subsequent decree rendered after expiration of term specifically describing the property to be sold and directing sale and application of proceeds in manner provided by statute, *held* mere amendment of first decree in matter of form rather than substance, and execution issued under latter decree was valid.

---

1. See 15 R. C. L. 570.

2. Amendment of judgment, see notes in 12 **Am. Dec.** 351; 62 **Am. St. Rep.** 233. See, also, 15 **R. C. L.** 678. Power of court at subsequent term to correct judgment on evidence *dehors* record, see note in **Ann. Cas.** 1913E, 349.

Judgment—Where Court Entered Second Mortgage Foreclosure Decree to Correct Imperfections in Form of First, Satisfaction of One Would Discharge Other.

4. Where, after expiration of term during which mortgage foreclosure decree was rendered, court entered another decree merely amplifying first and amending it in matter of form rather than substance, satisfaction of one of said decrees would discharge other.

---

Equity, 21 C. J., p. 707, n. 76, p. 709, n. 89.
Appeal and Error, 3 C. J., p. 481, n. 8, p. 497, n. 26.

From Coos: JOHN C. KENDALL, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Messrs. Goss & Murphy* and *Mr. M. W. Skipworth*.

*Contra, Mr. George P. Topping* and *Mr. J. J. Stanley*.

PER CURIAM.—1. This is a motion to dismiss an appeal attempted to be taken by the plaintiff in this case. To prevent confusion, it may be stated that there are two appeals pending before the Supreme Court in this case. The first appeal is from an order sustaining the demurrer to the complaint. There was no judgment of dismissal or for costs, nothing, in fact, but the mere order that the demurrer be sustained. Several months later, the defendant took the second order dismissing the complaint dissolving a preliminary injunction, which had been issued, and adjudging costs against the plaintiff. The order sustaining the demurrer was not a final order, but left the case still standing subject to such amendment, or attempted amendment, as the plaintiff might see fit to make. So far as this order is concerned, the case

is in exactly the same position as that of *L. D. Powell & Co.* v. *Wiest,* 117 Or. 18 (242 Pac. 624), decided January 12, 1926. This appeal will be dismissed, leaving the case standing upon the second appeal, which seems to be properly taken.

                                FIRST APPEAL DISMISSED.

## ON THE MERITS.

For appellant there was a brief over the name of *Mr. J. J. Stanley,* with an oral argument by *Mr. Geo. P. Topping.*

For respondents there was a brief over the name of *Messrs. Goss & Murphy,* with an oral argument by *Mr. M. W. Skipworth.*

BELT, J.—This is a suit to enjoin the sale of real property under a decree of foreclosure of mortgage. On July 29, 1924, the defendant Rose, on default of the plaintiff herein, obtained a decree of foreclosure. The decree provided, after directing that the plaintiff herein recover the amount due on the note and an attorney's fee of $100, that there should be a "foreclosure of said mortgage in the customary manner in this Court of and as therein set forth the premises described in the complaint together with the plaintiff's costs and disbursements herein incurred." After term time, the court, no doubt being dissatisfied with the form and language of the decree rendered, entered another specifically describing the property to be sold and directing that sale be had and the proceeds thereof applied in the manner provided by statute. Execution was issued under the last decree. Hence this suit for injunction.

It is the theory of the plaintiff that the court, after term time, had no authority to render the second decree and that the proceedings had thereunder are void. The lower court sustained a demurrer to the complaint herein and, upon refusal of the plaintiff to amend his pleading, the suit was dismissed. From this order of dismissal the plaintiff appeals.

2, 3. Did the court, after term time, have jurisdiction over the cause thus to amend its decree? If so, plaintiff's suit for injunction must fail. The rule is well settled in this state that, after the expiration of the term during which a decree was rendered, it is not within the power of the court to amend it in any matter of substance or in any way affecting the merits of the controversy: *Silliman* v. *Silliman,* 66 Or. 402 (133 Pac. 769), and cases therein cited. The rule is thus well stated in Black on Judgments (2 ed.), Section 154:

" * * the courts have power, after the term to supply omissions in a judgment, and to reform and perfect it, so as to make it conform exactly to the judgment intended to be given in the case; but * * they cannot use the power of amendment to correct judicial errors or to enter a judgment which was neither in fact rendered nor intended to be rendered."

There was no violation of this rule in the instant case. While the first decree was imperfect in form, the property, without doubt, could have been sold thereunder, as the statute provides the manner of conducting such sale and the method of applying the proceeds thereof. In the second decree the court did not grant to the plaintiff therein anything in addition to what the former decree had already given him. It was merely an amplification of the first decree and in no way materially affected the rights of this plain-

tiff. The amendment was as to form rather than substance.

4. Appellant complains that there are two decrees against him relative to the same matter, but we take it that there can be no reasonable apprehension of danger that he will be compelled to satisfy both decrees. Unquestionably the satisfaction of one decree will operate as a discharge of the other: *Cooper* v. *Sagert et al.,* 111 Or. 27 (223 Pac. 943).

Plaintiff's default in the foreclosure proceedings was a confession of indebtedness. We see no good reason why this cause should be reversed and the judgment creditor be obliged to have execution issued under the original decree. There has already been too much delay.

The decree of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.