Argued July 2, affirmed August 8, 1958

# STATE OF OREGON *v.* MILLER
### 328 P. 2d 869

Leonard E. Miller, appellant in pro. per.

John E. Walker, District Attorney, and Leeroy O. Ehlers, Deputy District Attorney, Pendleton, for respondent.

SLOAN, J.

The defendant is now confined on a 25-year sentence imposed by a judgment entered on a plea of guilty to a district attorney's information charging the crime of kidnapping. This proceeding is an attempt by the defendant to have review of the judgment by a so-called motion in the nature of coram nobis. To this motion the state leveled a demurrer on the ground that the motion did not state facts sufficient to warrant the relief prayed for. To this the defendant filed a pleading designated "Defendant's Answer to Demurrer." Other motions were presented to the court which we need not consider. Briefs were submitted by both parties. After consideration the court entered an order sustaining the demurrer. No judgment dismissing the proceeding was entered.

Such an order is not appealable. *Smith v. Rose,* 125 Or 56, 242 P 842. The state has requested that we treat the order entered as though it were a judgment

of dismissal and consider the appeal on its merits. If this were the only means of giving consideration to this appeal we would be obliged to deny this request. There is no reason why this type of case should be privileged to violate this long-established rule. However, in view of the disposition that follows it is unnecessary to refuse consideration for that reason.

In *State v. Huffman,* 207 Or 372, 297 P2d 831, at page 418 Or, this court, speaking by Mr. Justice BRAND, indicated the procedure to be followed by the trial court in response to a motion similar to the defendant's here. The court acknowledged that the issue presented is completely new to this jurisdiction and, therefore, set forth certain "ground rules" to guide the trial courts. By the procedural steps there delineated it is proper for the trial court to "order" the prosecution to answer if the allegations in the motion are so sufficient and definite as to warrant consideration on the merits. In its disposition (Or 420) of that case the court directed the trial court to "assume jurisdiction thereof, *determine the sufficiency of the allegations therein,* and if *found sufficient in law,* to consider and decide the matter upon the merits." (Italics ours.) It would appear, therefore, that a demurrer, in its usual function, is not a necessary or proper pleading to challenge the sufficiency of the allegations of such a motion. In order to dispose of this appeal, therefore, without the necessity of merely sending it back to correct the record, we shall consider this case as though the court ordered the dismissal of the motion and refused to assert jurisdiction and to order the state to answer, which, in effect, is exactly what the court did.

Having disposed of the procedural problems, we direct our attention to the merits, if any, possessed by

this appeal. We have examined the record with care. It discloses that the defendant contends that a pre-sentence statement made by the district attorney in open court contained false statements. And, that a recital of his criminal record was incomplete. At the time the defendant, in answer to inquiry by the court, challenged the truth of some statements made but otherwise acknowledged that everything else said by the district attorney was true. He heard but did not question this previous record as it was submitted by the district attorney. The defendant's own averments and argument exclude them from the specifications laid down in *State v. Huffman,* supra, and *State v. Poierier,* 66 Or Adv Sh 27, — Or —, — P2d—. It is unnecessary to repeat what was, in those cases, well and clearly said. No constitutional rights are involved. Nor is there any allegation of new fact that was not clearly known and available to the defendant at the time the judgment was entered.

For the reasons stated the trial court was correct in its refusal to assert jurisdiction.

PERRY, C.J., did not participate in this decision.