Submitted December 16, affirmed December 30, 1959

# MILLER *v.* GLADDEN

348 P. 2d 44

Leonard Ellsworth Miller, Salem, filed a brief in propria persona.

Robert Y. Thornton, Attorney General of Oregon, Salem, and Robert G. Danielson, Assistant Attorney General, Salem, filed a brief for respondent.

ROSSMAN, J.

This is an appeal by the plaintiff Leonard Ellsworth Miller, from a judgment of the circuit court which dismissed a habeas corpus proceeding instituted by him to gain his release from the custody of the defendant who is the Warden of the Oregon State Penitentiary.

The amended return of the warden states:

"I have the plaintiff in my custody pursuant to a certified copy of a journal entry of judgment of conviction in the Circuit Court of the State of Oregon for the County of Umatilla, dated October 26, 1953, and pursuant to a certified copy of a journal entry of judgment of conviction in the Circuit Court of the State of Oregon for the County of Marion, dated May 20, 1958."

The first judgment, mentioned by the warden, was entered after the plaintiff (in this proceeding) had

plead guilty to an information which charged him with kidnapping. The sentence was for an indefinite period not exceeding 25 years. The second judgment was entered after a jury had found the plaintiff guilty of the crime of escape from a penitentiary. The sentence was for a period of 18 months. The sentences run consecutively.

The appellant Miller submits three assignments of error. They attack the validity of only the judgment of guilt entered by the circuit court of Umatilla County. That judgment was rendered in an action which was based upon an information— not an indictment.

The first assignment of error charges that the circuit court of Umatilla County lacked jurisdiction "because the State had erred in failing to file either the defendants waiver of indictment or the District Attorney's information before the defendant was proceeded against and convicted on said plea of guilty."

The second assignment of error reads:

"The Court erred by ruling that the judgment of the Umatilla Circuit Court, on a printed form, which states that the Court advised the then defendant of his right to be represented by counsel is the valid judgment of a court of competent and concurrent jurisdiction. The Court further erred by denying the plaintiff's contention, in oral argument, that he was not attempting to attack the record of the trial court on Habeas Corpus but was merely going behind the printed judgment to prove that the true record of the trial court was recited in the certified copy of the transcript of evidence of trial proceedings which plaintiff filed as a part of his amended replication, and which specifically shows what was said and done in court. And which proves beyond a question of doubt that the trial judge did not advise the then defendant of his right to be represented by counsel."

The third assignment of error declares:

"The Court erred by ruling in favor of the defendant and against the plaintiff and by dismissing the plaintiffs Habeas Corpus action, and by failure to rule that plaintiff was denied the right of an appeal from the judgment of the Umatilla County Circuit Court, and that the judgment of the Marion County Circuit Court has been satisfied."

It will be noticed that the individual who instituted this proceeding as plaintiff is Leonard Ellsworth Miller. He was the defendant in the two criminal cases, one in Umatilla County and the other in Marion County, which resulted in the judgments of conviction which we have mentioned. He is the appellant in this case. If we refer to him as plaintiff, defendant or appellant confusion may ensue. Accordingly, whenever we allude to him we will use his name, Miller. We will refer to the defendant in this proceeding (habeas corpus) as the warden.

Before considering the assignments of error one by one we shall mention the manner in which the case was submitted to the circuit court.

The warden's amended return, after stating that he is the Warden of the Oregon State Penitentiary, set forth as its second paragraph the averment which we have already quoted and which reads:

"I have the plaintiff in my custody pursuant to a certified copy of a journal entry of judgment of conviction in the Circuit Court of the State of Oregon for the County of Umatilla dated October 27, 1953, and pursuant to a certified copy of a journal entry of judgment of conviction in the Circuit Court of the State of Oregon for the County of Marion dated May 20, 1958."

Although Miller challenges its validity he concedes that the judgment of conviction entered against him by

the circuit court in Umatilla County was upon his plea of guilty to an information which charged him with the crime of kidnapping. He admits that the judgment sentenced him to incarceration for an indefinite period not exceeding 25 years. Further, he concedes that the judgment entered against him by the circuit court for Marion County May 20, 1958, was based upon a jury's verdict which found him guilty of the crime of escape from the penitentiary. The sentence, for a period of 18 months, did not run concurrently with the Umatilla sentence but consecutively. He makes no attack upon the validity of that judgment. In that case he was represented by counsel.

We have quoted paragraph II of the amended return. To it Miller filed a pleading which he entitled "Plaintiffs Amended Replication." Referring to paragraph II of the amended return the "Plaintiffs Amended Replication" stated:

"Plaintiff admits Paragraph II of the Defendants Return, but denies that the Judgment of the Circuit Court of Umatilla County, a copy of which is annexed to said Return, By virtue of which the defendant is holding the Plaintiff in custody, is the Judgment or Process of a Court of Competent jurisdiction."

Although Miller concedes the entry of the judgment of guilt by the circuit court for Umatilla County, he contends that it was not "the Judgment or Process of a Court of Competent jurisdiction." The basis of his attack is indicated by three affirmative defenses which the "Plaintiffs Amended Replication" submits immediately following the paragraph just quoted. The first of the three affirmative defenses averred that the court had no jurisdiction to try Miller

"* * * for the reason that the information filed by the District Attorney for Umatilla County

against Defendant was submitted, executed, and filed in a manner not authorized by the Constitution or statutes of the State of Oregon, and the said information was therefore absolutely void at the time the Defendant was arraigned to plead and sentenced by the Court. * * *"

The amended replication, by way of second affirmative reply, alleged that the circuit court for Umatilla County

"* * * failed to acquire jurisdiction to try and convict the then defendant, Leonard Ellsworth Miller, for the reason that the Judge of said court failed to advise the defendant of his fundamental right to be represented by an Attorney during all of the proceedings against him in said Court Recitals of the Journal of said court. * * *"

A third affirmative reply in the amended replication alleged that

"* * * the failure of the Judge of the Circuit Court of the State of Oregon, for Umatilla County to inform the then defendant of his fundamental right to * * * counsel * * * [denied Miller of his right of appeal] from the conviction for the reason that being an ignorant layman the said defendant was not competent to perfect an appeal in his own behalf, and being a pauper with out money, property, assets or means with which to retain the services of an attorney the defendant was denied due process and equal protection * * *."

The amended replication, by express reference, made as a part of itself some "certified copies of the entries of the journal of the Umatilla County Circuit Court" pertaining to Miller's case; they are entitled (1) "Waiver, Arraignment, Plea and Sentence to Information," (2) "Information of District Attorney on Waiver of Indictment" and (3) "Transcript of Testimony at Time of Signing of Waiver and Plea and at

Time of Sentence." The first of those three papers states:

"Now on this day this cause comes on to be heard, upon the motion of Leonard Ellsworth Miller defendant above named, to waive indictment by the Grand Jury * * * And said defendant having been fully advised of his right to be indicted by the Grand Jury of said county, did then and there in open Court waive the right of indictment by the Grand Jury, and consented that the District Attorney file an information charging h.... with the commission of the crime of Kidnapping and the District Attorney having filed an information, in this Court charging said defendant with said crime, and it appearing to the Court that now is the proper time for the defendant to be arraigned upon said information, and the defendant having been informed by the Court of his right to be represented by counsel, and having stated to the Court that counsel was not desired, the Court informed the defendant * * * thereupon the information was read to the defendant * * * and a copy thereof furnished and delivered to the defendant * * *."

The document entitled "Transcript of Testimony at Time of Signing of Waiver and Plea and at Time of Sentencing" is five pages long and its contents are as its title suggests. It records that at the outset Judge Wells, Circuit Judge for Umatilla County, told Miller:

"* * * You have the right to have your case submitted to the Grand Jury for them to determine whether or not there is sufficient evidence to hold you for trial, or you have the right to waive that and permit the District Attorney to file an information against you. Do you understand that if the Grand Jury should find that there is not sufficient evidence, then you would be released?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that in the event you desire to waive your right to go before

the Grand Jury, you will proceed directly to this Court for the determination of your case?

"THE DEFENDANT: Yes.

"THE COURT: And do you also understand that in the event you plead guilty to this charge that that will do away with a trial by jury?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand the nature of this charge of kidnaping against you?

"THE DEFENDANT: Yes. The maximum is 25 years.

"THE COURT: That is what the penalty is.

"THE DEFENDANT: Yes, that is correct.

\*     \*     \*

"THE COURT: Are you represented by an Attorney?

"THE DEFENDANT: No. I would like to get this out of the way as quickly as possible.

"THE COURT: Have you been induced by any threats, promises or offers of rewards from the District Attorney or any officers of this Court to get you to sign this waiver?

"THE DEFENDANT: No, sir.

"THE COURT: If you wish to sign the waiver permitting the District Attorney to file the information against, and you understand the full nature of it, the Court will permit you to sign the waiver at this time.

"THE DEFENDANT: Yes, I want to sign it.

"(The waiver then was signed by the defendant.)

"THE COURT: The waiver will be accepted and filed. You may proceed with the reading of the information."

The warden filed a demurrer to each of the three affirmative defenses upon the ground that each of them failed to state sufficient facts to entitle Miller to relief.

April 28, 1959, the demurrer to the first affirmative reply was sustained, but the demurrers to the second and third affirmative replies were overruled and the warden was directed to answer.

May 4, 1959, the warden filed an answer in which he averred that he lacked "information or belief as to the matters set forth in plaintiff's second and third affirmative reply and therefore denies the same." Affirmatively the warden's answer alleged:

"That on October 27, 1953, plaintiff signed a document entitled 'Waiver of Indictment' in the then pending case of State of Oregon, plaintiff, v. Leonard Ellsworth Miller, defendant, in the Circuit Court of the State of Oregon for Umatilla County. That said defendant therein is plaintiff herein. That in said 'Waiver of Indictment' are the following words:

" 'Comes Now Leonard Ellsworth Miller, the above named defendant and being of the age of 27 years, and after having been full (sic) advised of, and well knowing my right to be represented by counsel, * * *'

II

"That on October 27, 1953, in said case of State of Oregon v. Leonard Ellsworth Miller, there was made, entered and filed a document entitled 'Waiver, Arraignment, Plea and Sentence to Information.' That said document was executed on said day by the Honorable William W. Wells, Circuit Judge.

"That contained in said document and being a recital of said court is the following:

" '* * * And said defendant having been fully advised of his right to be indicted by the Grand Jury of said county, did then and there in open Court waive the right of indictment by the Grand Jury, and consented that the District Attorney file an information charging him with the commission of the crime of Kidnapping and the District At-

torney having filed an information, in this Court charging said defendant with said crime, and it appearing to the Court that now is the proper time for the defendant to be arraigned upon said information, *and the defendant having been informed by the Court of his right to be represented by counsel, and having stated to the Court that counsel was not desired,* * * *' (Emphasis supplied)"

When the pleadings were in the condition just mentioned the circuit court June 2, 1959, held a hearing in the course of which the parties presented their respective contentions. June 30, 1959, the court entered the judgment order which is under attack by this appeal. That order stated:

"IT IS FURTHER ORDERED that the above matter be and the same is hereby dismissed.

"IT IS FURTHER ORDERED that the right is reserved on the part of plaintiff to again raise his contention as to not being advised as to his right of counsel by the Circuit Court of Umatilla County at a later date by a new proceeding in the event that the Judicial record for the Circuit Court of Umatilla County be changed to show therein said failure to advise plaintiff of his right to counsel."

Miller has presented no bill of exceptions and, therefore, we are confined to the record reviewed in preceding paragraphs. in our efforts to resolve his contentions.

For several reasons we believe that the first assignment of error lacks merit. Based upon Article VII, section 5, Constitution of Oregon and ORS 132.410 and 135.010 Miller argues that an information must be filed before the arraignment takes place and that one which was not filed timely is a nullity.

ORS 34.360, in referring to habeas corpus proceedings, says:

"The petition shall state, in substance:

\* \* \*

"(5) If the imprisonment or restraint is alleged to be illegal, in what the alleged illegality consists."

■ *Anderson v. Alexander,* 191 Or 409, 229 P2d 633, 230 P2d 770, by quotation from *Fleenor v. Hammond,* 116 F2d 982, held that a petition for a writ of habeas corpus which charges that the petitioner is held unlawfully "must be specific in statement of facts supporting the legal conclusion." The petition in the case at bar makes no intimation of the contention which underlies the first assignment of error. That alone would constitute ample grounds for dismissing the first assignment of error, but we will go on.

It will be noticed that the assignment of error under review does not claim that the information employed in the Umatilla County case was not filed. To the contrary, Miller expressly admits that it was actually filed, and concedes that the filing occurred October 27, 1953, that being the day when the arraignment occurred and when he plead guilty. A copy of the information which Miller brought before the circuit court contains an imprint by the county clerk of Umatilla County showing, as Miller concedes, that the information was filed October 27, 1953. Therefore, his contention concerns the hour when the filing occurred but does not charge failure to file.

■■ Normally, the law does not segregate a day into fractions, but deems it an indivisible unit. However, if the law demands that a designated act must take place before another step can be lawfully taken, it may be necessary to split the day into two or more parts and in that manner determine whether the prescribed order of events occurred. The following, taken from 86 CJS, Time, § 16, page 900, states the principle of law which we believe governs a situation of this kind:

"As a general rule, in the computation of time,

a day is to be considered as an indivisible unit or period of time, which has its beginning coincident with the first moment of the day, and thus it is frequently stated that the law will not recognize or take cognizance of fractions of a day * * *. Under this rule any fraction of a day is deemed a day, and every day, and every part of that day, is, as a consequence of this rule, one day before every part of the succeeding day, and the last moment of any day is, in contemplation of law, one day before the first moment of the next day, although the elapsed time is infinitesimal. Acts done or events occurring during the day are not referable to any particular portion of the day more than to any other portion thereof, but are presumed to have been done or occurred at the same time, except where they are required to be done in a certain order, in which it is presumed that the prescribed order has been followed. * * *"

The presumption just mentioned finds legislative support in ORS 41.360 (15) and (16) which, in enumerating the disputable presumptions, includes these:

"Official duty has been regularly performed."
"A court, or judge acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction."

The record contains nothing whatever which is opposed to those presumptions or which suggests that they should not be employed.

■ Miller concedes that the trial judge in the Umatilla County case advised him that he had a right to have his matter submitted to the grand jury or waive the right and thereby authorize the district attorney to file an information against him, if so disposed. Likewise, he concedes that he waived his right concerning the grand jury.

Under those circumstances the law warrants a presumption that the information was filed before the

arraignment took place. That in itself would constitute sufficient grounds for holding that the first assignment of error lacks merit.

■ In addition to the foregoing we read the entire record which has been submitted to the court. It indicates that Judge Wells, with his customary consideration for the rules of judicial procedure and the rights of the accused, saw to it that the information was filed before the arraignment occurred.

For the several reasons above given we conclude that no error occurred when the court sustained the warden's demurrer to the first affirmative reply. The first assignment of error is rejected as lacking in merit.

■ The second assignment of error, as we have seen, submits that the trial judge in the Umatilla County case failed to apprise Miller of his right to counsel. The third assignment of error, after presenting virtually the same contention, appends to it an assertion that through the judge's alleged failure to have acquainted Miller with his right to counsel Miller thereby lost his right to appeal the Umatilla County case.

We will now consider those two assignments of error.

The record contains no explanation as to how Miller could have appealed his conviction in the Umatilla County case which, as we have said, was based upon his plea of guilty. Miller no where asserts that his plea of guilty was ill-advised or that it was induced by any one.

It will be recalled that several entries in the record of the Umatilla County case state that Judge Wells apprised Miller of his right to counsel and that Miller replied that he did not desire an attorney. One of the entries over the signature of Judge Wells states:

"* * * the defendant having been informed by the Court of his right to be represented by counsel,

and having stated to the Court that counsel was not desired * * *."

Although the judgment under attack dismissed the habeas corpus proceeding it contains this provision:

"* * * the right is reserved on the part of plaintiff to again raise his contention as to not being advised as to his right of counsel by the Circuit Court of Umatilla County at a later date by a new proceeding in the event that the judicial record for the Circuit Court of Umatilla County be changed to show therein failure to advise plaintiff of his right to counsel."

We assume that the safeguard just quoted was included in the challenged judgment on account of the holding in *Huffman v. Alexander*, 197 Or 283, 251 P2d 87, 253 P2d 289, pertaining to attacks upon the verity of judicial records. That decision, after bestowing extensive attention upon a collateral attack made by a habeas corpus proceeding upon the entries in a judicial record, expressed our rule in this way:

"* * * hence our conclusion that recitals in a judicial record showing what was done in court import absolute verity and therefore cannot be collaterally attacked in habeas corpus."

The trial judge in the case at bar (Judge Sloper) could not have swept away the several entries made by Judge Wells in the Umatilla County case which stated that Miller was apprised of his right to counsel unless Judge Sloper had deemed that the Umatilla County case was before him upon a quasi appeal and that he was at liberty to try it *de novo*. The holding above quoted in *Huffman v. Alexander* contemplates that when a prisoner believes that a judicial record misstates a judicial pronouncement he must move for its correction before instituting a habeas corpus proceeding. Nothing of that kind was done before this

proceeding was instituted. In fact, this proceeding was conducted upon a supposition that the court would ignore the record in the earlier Umatilla County case. Such is not the law.

We find no merit in any of the three assignments of error.

Affirmed.