Argued May 5, affirmed September 24, 1969

# STATE OF OREGON, *Respondent, v.*
# LEONARD ELLSWORTH MILLER,
## *Appellant.*

458 P2d 1017

*William A. Galbreath,* Milton-Freewater, and *John*

*Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With them on the brief were Gary D. Babcock, Public Defender, Salem, Roy Kilpatrick, John Day, John J. Haugh, Portland, and Galbreath & Pope, Milton-Freewater.

*Jack F. Olsen,* Deputy District Attorney, Pendleton, argued the cause for respondent. With him on the brief was Raoul P. Smith, District Attorney, Pendleton.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

In 1953 defendant was convicted of kidnapping. At that time while unrepresented by counsel he waived his right to be indicted by the grand jury and consented to the filing of an information. He was then arraigned and pleaded guilty and was given a sentence of 25 years.

Thereafter, defendant commenced proceedings in the nature of *coram nobis.* The trial court refused to assert jurisdiction, defendant appealed, and the circuit court's ruling was affirmed. *State v. Miller,* 214 Or 208, 328 P2d 869 (1958). Subsequently, defendant filed habeas corpus proceedings which were dismissed, and he again appealed to this court. The dismissal was affirmed. *Miller v. Gladden,* 219 Or 538, 348 P2d 44 (1959). Defendant then brought a proceeding for post-conviction relief, claiming that he had not knowingly waived his right to be represented by counsel at the time of his plea of guilt. His request for relief was denied by the trial court. Upon appeal, this

court set aside his conviction and remanded him to the court of his conviction for further proceedings. *Miller v. Gladden,* 249 Or 51, 437 P2d 119 (1968).

Defendant was thereafter indicted by the grand jury in 1968 and charged with the identical crime. A demurrer based upon the statute of limitations was filed to the indictment. The demurrer was sustained. Thereafter, the state proceeded upon the 1953 information. Defendant contended that the information was invalid but his contention was denied. He subsequently appeared at a time set for the entering of a plea. At this time he refused to plead because he had not received a copy of the information after his plea of guilt was set aside. The court entered a plea of "not guilty" for him. Defendant then filed a demurrer to the information which was overruled on its merits. At this time he contended that he had not been arraigned. Although he and his attorney were present at all times during trial, they refused to participate. The jury returned a verdict of guilty, and this appeal is from that conviction.

■ Defendant contends that the 1953 information is of no validity and that the running of the statute of limitations prevents any new prosecution. He argues that the information is not valid because it was set aside by this court's prior decision overturning his conviction. This court's decision set aside his plea of guilt because he had not waived the aid of counsel at the time he pleaded. The decision did not and was not intended to invalidate the information.

■ Defendant also contends that the information is invalid for the same reason the plea was held invalid; *i.e.,* because he had not waived counsel at the time he waived indictment by the grand jury. He does not

contend that he did not actually intend to waive indictment but only that, as a matter of law, it was impossible for him to weigh the consequences and to make an intelligent choice without the advice of a lawyer. If waiver of indictment is a "critical stage" in the proceedings, he was entitled to be represented, prejudice is presumed, and his contention is correct. *Hamilton v. Alabama,* 368 US 52, 82 S Ct 157, 7 L Ed 2d 114 (1961).

■ Defendant's right to be indicted by the grand jury before he can be prosecuted criminally is embodied in Art. VII (Amended), § 5, Constitution of Oregon.[1] The constitutional provision permits a waiver of the right. Undoubtedly, the reason for requiring indictment by the grand jury was the fear that there might otherwise be arbitrary and unwarranted use of the criminal process by district attorneys. Study has subsequently indicated that the anticipated danger is now more theoretical than actual. Many states have abandoned the requirement that criminal prosecutions must be commenced by grand jury indictment. We know of no resulting spate of abuses. On the contrary, a greater percentage of successful prosecutions ap-

---

[1] Constitution of Oregon, Art. VII (Amended), § 5:

"* * * No person shall be charged in any circuit court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form. Provided further, however, that if any person appear before any judge of the circuit court and waive indictment, such person may be charged in such court with any such crime or misdemeanor on information filed by the district attorney. Such information shall be substantially in the form provided by law for indictments, and the procedure after the filing of such information shall be as provided by law upon indictment."

pears to be resulting from cases commenced by information than from those commenced by indictment. See Moley, "The Use of the Information in Criminal Cases," Vol XVII, No. 5, p. 292, ABAJ (1931); Miller, "Informations or Indictments in Felony Cases," 3 Or L Rev 290. We do not believe that waiver of indictment is a critical stage in the proceedings because of any possible danger that informations will be filed under circumstances in which an indictment could not have been secured. We believe that *Hamilton* requires, in the absence of an intelligent and knowing waiver of counsel, legal representation for an accused at a time when he must take steps or make a choice which is likely to have a substantial effect on the prosecution against him. We do not perceive that waiver of grand jury is such a choice, as we do not believe that such a waiver is actually determinative of whether criminal proceedings could or would be brought.

Had defendant chosen to insist upon indictment, there is nothing that a lawyer could have done to represent him before the grand jury, because that is a closed and nonadversary proceeding. All that a lawyer could have done for him was warn him not to voluntarily testify in front of the grand jury where, while unrepresented, he would have been subject to questioning by the district attorney and the grand jurors. *Commonwealth v. Phillips,* 208 Pa Super 121, 220 A2d 345 (1966), was a case where the relevant facts were similar to those here. In holding that waiver of grand jury was not a "critical stage" in criminal proceedings, the court said as follows:

"* * * The possibility that the grand jury would have ignored the bill of indictment, which possibility appellant could not have influenced in

the slightest, is not a *right* which is lost any more than the 'right' to remain unarrested is given up when a suspect voluntarily turns himself in to the police. * * *." 208 Pa Super at 130, 220 A2d at 349-350.

■■ Defendant next contends that the 1953 information was invalidated by the state's ineffective attempt to proceed by indictment in 1968. He argues that when the trial court sustained the demurrer, it was obligated by ORS 135.670[2] and 135.680[3] to resubmit the matter to the grand jury or to dismiss the proceeding with prejudice. He claims that the new proceeding could not be abandoned and the old information resurrected. We hold that the provisions of the two statutes were not intended to apply to a situation like the present. The words of ORS 135.670, "* * * is a bar to another action for the same crime * * *," refer to a subsequent proceeding and not to a prior valid proceeding then pending which was interrupted by ineffective legal action.

■ Defendant next appears to contend that the statute of limitations, ORS 131.110(2),[4] continued to run

---

[2] ORS 135.670. "If the demurrer is allowed, the judgment is final upon the indictment demurred to and is a bar to another action for the same crime unless the court, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be resubmitted to the same or another grand jury."

[3] ORS 135.680. "If the court does not direct the case to be resubmitted, the defendant, if in custody, shall be discharged. If he has been admitted to bail, his bail shall be exonerated. If he has deposited money in lieu of bail, the money shall be refunded to him."

[4] ORS 131.110(2). "Unless otherwise expressly provided by law, the time within which criminal actions must be commenced is as follows:

"(1) For murder or manslaughter, at any time after the death of the person killed.

despite the pendency of the information, and that the state had only the three-year limitation period in which to correct any defect in the original prosecution. ORS 131.130 provides that an action is commenced within the meaning of the statute of limitations "when the indictment is found and filed with the clerk of the court or, in cases triable without indictment, when the indictment or complaint is filed or lodged in the court or with the officer having jurisdiction of the action." No mention is made of cases commenced by information. The statute was enacted in 1864 before the use of informations was permitted, and it has never changed. Because filing an information is a substitute proceeding for indictment, we construe the provision relative to indictment to cover the situation when indictment is waived and an information is used. Therefore, filing the information tolled the statute.

■ Defendant relies upon the following language found in the annotation at 90 ALR 452, 456:

> "It is generally held that the return of an indictment or the filing of an information on which no valid conviction or judgment can be had will not operate to stop the running of the Statute of Limitations pending the return or filing of another indictment or information, in the absence of a statute expressly so providing. * * *."

Defendant attempts to equate the language "no valid conviction can be had" with "no valid conviction *was* had." We do not so equate the language. The 1953 information was valid and its filing tolled the statute. It is still pending and has never been dismissed. De-

---

"(2) For any other felony, within three years after its commission.
"(3) * * *."

fendant attempts to rely on *State v. Silver*, 239 Or 459, 398 P2d 178 (1965), in which an indictment was returned within the time permitted by the statute but was later dismissed. A new indictment was returned after the time permitted by the statute had elapsed. The court held that the new indictment was barred by the statute of limitations because the statute had not been tolled by the first indictment. The difference in the present case is plain. The original proceeding which was commenced by information within the period permitted by the statute was never dismissed.

Defendant admits in his statement of facts that he was arraigned in 1953. However, he argues that he was never "arraigned". We presume he means that he was never rearraigned after his plea of guilt was set aside. This raises the question whether under Oregon law he was required, at the time of his unrepresented 1953 arraignment, either to avail himself of or forfeit substantial rights. If he was so required, his arraignment was a "critical stage" in the proceedings, and would be invalid under the rule of *Hamilton v. Alabama, supra,* because he was unrepresented at that time.

Art. VII, § 5 of the Constitution of Oregon states that after the filing of an information, the procedure shall be the same as upon indictment. An arraignment upon indictment consists of reading the indictment to the defendant, delivering to him a copy thereof, and asking him whether he pleads "guilty" or "not guilty." ORS 135.020.[6]

---

[6] ORS 135.020. "The arraignment shall be made by the court, or by the clerk or the district attorney under its direction, and consists of reading the indictment to the defendant, delivering to him a copy thereof and the indorsements thereon, including

ORS 135.410® and 135.420® provide that if on arraignment the defendant requires it, he shall be allowed until the next day, or until such further time as the court deems reasonable, to answer the indictment, and that in answer he may move the court to set aside the indictment, demur, or plead thereto. ORS 135.520® provides that the motion to set aside the indictment shall be made and heard at the time of the arraignment unless for good cause the court postpones the hearing to a future time. If not so made, it is waived. ORS 135.610® and 135.810® provide respectively that demurrers and pleas shall be made either at the time of the arraignment or at such other time as shall be allowed the defendant for that purpose.

It thus appears that, unless there is an extension of time, a defendant is required to answer; *i.e.*, move, demur, or plead, at the time of the arraignment. If,

the list of witnesses indorsed on it or appended thereto, and asking him whether he pleads guilty or not guilty to the indictment."

® ORS 135.410. "If on the arraignment the defendant requires it, he shall be allowed until the next day, or until such further time as the court deems reasonable, to answer the indictment."

® ORS 135.420. "If the defendant does not require time, as provided in ORS 135.410, or if he does, then on the next day or at such further day as the court may have allowed him, he may, in answer to the arraignment, move the court to set aside the indictment or demur or plead thereto."

® ORS 135.520. "The motion to set aside the indictment shall be made and heard at the time of the arraignment unless for good cause the court postpones the hearing to a future time. If not so made, the defendant is precluded from afterwards taking the objections mentioned in ORS 135.510."

® ORS 135.610. "The demurrer shall be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

® ORS 135.810. "The plea shall be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

when defendant was first represented by counsel in 1968, he was already foreclosed from asserting his right to move or to demur because he had not asserted them at his 1953 arraignment, then, such arraignment was certainly a critical stage of the proceedings. We have held the information to be valid and have set aside the 1953 plea of guilt. We also hold that the defendant could make whatever answer he chose after his plea of guilt was set aside. Under the statutes above mentioned he could have moved against the indictment or demurred within the time the court allowed him to enter a plea in 1968. We treat an extension of the time to plead as an automatic extension to do those other things that the statutes provide may be done in answer to the indictment or information. At the time of arraignment, when he is notified of the charge against him, a defendant and his counsel are in no position to know what attack, if any, they may wish to make upon it. For this reason, additional time to plead should also pack with it the right to take any action which a study of the charge indicates. It would be useless formality and overly technical to require the court to indicate specifically that the defendant may move against the charge or demur, as well as plead, within the additional time granted.

In *State v. Pool,* 20 Or 150, 25 P 375 (1890), defendant was arraigned and took time to plead. Within that time he moved against the indictment, but the motion was denied. Upon appeal, it was contended by the state that the motion was not timely because it had not been made at the time of the arraignment. The court treated the record showing that defendant had taken additional time to plead as the equivalent of being allowed time within which he could also do those

other things permitted in answer to the indictment. The court said as follows:

> "* * * It was argued here with much force that the defendant was bound to make this motion when the indictment was read to him and he was furnished with a copy thereof or be forever precluded. Such a construction would be very inconvenient in practice. Counsel would never be able to make an objection according to the facts. If compelled to make the objection at that particular instant, he must do it in ignorance of all of the facts upon which such objection would have to be based. * * *." 20 Or at 152, 25 P at 375-376.

■ It is our conclusion that the 1953 arraignment in which defendant was unrepresented was not a critical stage in the 1968 conviction because after the original plea was set aside, he still had available, at a time when he was represented, all means for attacking the information which had existed at the time of his arraignment.

We are not unmindful that ORS 135.310 and 135.320 provide that a defendant shall be informed of his right to counsel before arraignment and that counsel shall be appointed for him unless he waives this right. This is to insure that he has representation when he takes any important action or makes any decision of consequence at arraignment. These actions and decisions were all available to this defendant in 1968 when he did have counsel. It would be useless formality to read again the information to him and to hand him a copy of it. He already knew the nature of the charge on which he was being held.

The judgment of the trial court is affirmed.

SLOAN, J., dissenting.

It is no longer practicable or advisable to attempt to make fine distinctions about the "critical stage" of

a criminal proceeding. The Supreme Court has not decided a case similar to this one involving the waiver of indictment and the consent to a charge by information. However, it is implicit in all of the pertinent Supreme Court decisions developing the scope of the right to counsel as well as in our own that the need for counsel is compelled whenever the state confronts the accused in any situation in which counsel may be of assistance. The Supreme Court has said that the "accused is guaranteed that he need not stand alone against the state at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.*" (Footnote omitted). *United States v. Wade*, 1967, 388 US 218, 226, 87 S Ct 1926, 18 L Ed 2d 1149, 1157.

In the abstract it can be said that nothing takes place at the waiver of an indictment which impairs the accused's ability to have a fair trial, that the accused still possesses every defense that would be available if he were indicted. In practice, however, we know that an attorney can be of a material assistance in protecting his client at and before a waiver proceeding. In most instances a waiver of indictment and the consent to an information is part and parcel of a plea of guilty, as in the instant case. When an information is filed, in the usual setting, the prosecutor is the only person who has any way of knowing whether the evidence will justify the charge stated in the information. It would be impossible for an unassisted accused to know whether or not he may have committed the degree of the crime charged in the information nor could he know if the crime is properly charged at all. Counsel may later find that his client has consented to a more serious charge than

would be justified. In some cases this cannot help but make the defense more difficult. It is possible, of course, for an indictment to charge first degree murder, for example, when the evidence would justify nothing more than manslaughter. However, when a case is presented to the grand jury the evidence is at least screened by the members of the jury and it is certainly not uncommon for the grand jury to refuse to follow the prosecutor's recommendations. Assuming that the grand jury properly performs its duties, it is not bound by the judgment of the prosecutor.

Common knowledge and experience tells me that an attorney can frequently be of important assistance before and during the grand jury process. It can and does happen that with the aid of counsel an accused is discharged by the grand jury or a less serious offense is charged. Certainly, the absence of counsel at this stage reduces the prospect of plea bargaining, a process that is now accorded respectability. See The Challenge of Crime in a Free Society, a Report by the President's Commission on Law Enforcement and Administration of Justice, p 135. At the same cite this statement is made:

> "Prosecutors should be available to defense counsel from the beginning of the case for the purpose of discussing the possibility of a disposition by plea of guilty. Except in the most petty cases, such discussion should be had with counsel rather than directly with the defendant. These discussions should thoroughly assess the facts underlying the prosecution's case, consider information on the offender's background and correctional needs, and explore all available correctional alternatives as well as review the charge to which the plea will be entered.  *   *   *."

In the Oregon practice this could best be accom-

plished by pre-indictment negotiations and, if successful, would result in the filing of an information. This could not be done without counsel.

If, as we recently held, it is necessary to have counsel in the traffic court, *Stevenson v. Holzman,* 1969, 254 Or 94, 458 P2d 414 it seems unrealistic and incongruous to say that an attorney is not necessary when a waiver of indictment is made. It is not possible for me to agree that this is not a critical act. In spite of the one case cited by the majority, *Commonwealth v. Phillips,* 208 Pa Super 121, 220 A2d 345 (1966), Supreme Court cases such as *Powell v. Alabama,* 257 US 45, 53 S Ct 55, 77 L Ed 159 (1932), *Hamilton v. Alabama,* 368 US 52, 82 S Ct 157, 7 L Ed 2d 114 (1961), and *White v. Maryland,* 373 US 59, 83 S Ct 1050, 10 L Ed 2d 193 (1963), the majority and concurring opinion in *Miranda v. Arizona,* 1966, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974, and *United States v. Wade, supra,* and others lead me to the conclusion that the practical as well as legal need of an accused for an attorney at the waiver proceeding is, indeed, critical.

In *Clark v. Gladden,* 1967, 247 Or 629, 638, 432 P2d 182, we held that any conviction obtained with a denial of counsel will render the conviction void. This is such a case and we should so hold.