780 November 13, 2025 No. 978

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHYLLIS MARIE TRICOLA,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR16256; A184315

Ladd J. Wiles, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants. She contends that the trial court committed plain error by proceeding with an arraignment without counsel, thereby violating her right to counsel under the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution. Defendant filed her opening brief before we issued our decision in *State v. Pedersen*, 338 Or App 362, 375-76, 566 P3d 24, *rev den*, 374 Or 188 (2025), in which we concluded that no plain error existed when the defendant was arraigned without counsel because the only events that happened at that hearing were the reading of charges, confirmation of the defendant's name and date of birth, and provision of an attorney's name and contact information. We explained that not all arraignments are critical stages of a criminal proceeding that require appointment of counsel, and we articulated a case- and circumstance-specific test for determining whether a defendant is entitled to counsel. *Id.* at 371.

The state here argues that *Pedersen* is controlling. Defendant adopts the position (that we rejected in *Pedersen*) that all arraignments are critical stages of a criminal proceeding and thus defendant was entitled to counsel. This case was submitted on the briefs, and defendant has not filed a reply brief or a memorandum of additional authorities that addresses the impact of *Pedersen*. To be sure, the hearing here involved more than what occurred in *Pedersen*, inasmuch as defendant made uncounseled statements that could be incriminating. But in the absence of any argument from defendant about why the events of defendant's specific arraignment rendered it a critical stage, we cannot conclude that any plain error occurred or, alternatively, that we would exercise our discretion to reach it. *Vukanovich v. Kine*, 302 Or App 264, 287, 461 P3d 223, *rev den*, 366 Or 827 (2020) ("It is not our proper function to make or develop a party's argument when that party has not endeavored to do so itself." (Internal quotation marks omitted.)).

Affirmed.